[754 NYS2d 790]

In the Matter of MARY E. FEINDT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 2002

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Christopher D. Thomas*, Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991. The Grievance Committee filed charges

against respondent, a former assistant district attorney, following her arrest on January 28, 2002, on a charge of petit larceny (Penal Law § 155.25) arising from the theft of a witness fee payment. The criminal charge was adjourned in contemplation of dismissal on April 11, 2002, and respondent was directed to make restitution and perform community service.

Respondent filed an answer admitting the material allegations of the petition, and appeared before this Court to submit matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer.

We note in mitigation, that respondent made full restitution and exceeded the amount of required hours of community service. She cooperated with the Grievance Committee's investigation, admitted the misconduct and expressed extreme remorse. Additionally, we note that the misconduct occurred at a time when respondent was suffering from depression, for which she has received counseling. Finally, we have considered respondent's previously unblemished record and that respondent voluntarily discontinued practicing law following her arrest. Accordingly, we conclude that respondent should be censured (see Matter of Schell, 286 AD2d 56).

PINE, J.P., HAYES, HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of censure entered.